UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

JESSE ALAN WALKER,
   Plaintiff,

V.                                         Case No.:

JOHN BUDENSIEK, et al.,
      Defendants,



FILED BY _____ D.C.

FEB 24 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

MEMORANDUM OF LAW INCORPORATED

Defendants, John Budensiek in his official capacity as Sheriff of MARTIN COUNTY FLORIDA, and WILLIAM E. HAWKINS in his OFFICIAL CAPACITY as Magistrate Judge in the MARTIN COUNTY CIRCUIT COURT IN FLORIDA; are barred of the affirmative defenses of "Qualified Immunity" by Federal Court precedent on the matters, and Declaratory and injunctive relief sought by the Plaintiff here.

"Qualified immunity insulates government actors, in their individual capacities, from civil lawsuits as long as the challenged discretionary conduct does not violate clearly established federal statutory or constitutional rights." Adams v. Poarg, 61 F.3d 1537, 1542 (11th Cir. 1995).

page 1 of 4

"[Q]ualified immunity is only a defense to personal liability for monetary awards." <u>Ratliff v. DeKalb County</u>, 62 F.3d 338, 340 n.4 (11th Cir. 1995) (citations omitted).

It therefore "<u>may not</u> be effectively asserted as a defense to a claim for declaratory or injunctive relief," <u>D'Aguanno v. Gallagher</u>, 50 F.3d 877, 879 (11th Cir. 1995) or in defense of an official capacity claim. <u>Bruce v. Beary</u>, 498 F.3d 1232, 1249 n.33 (11th Cir. 2007), in the instant action qualified immunity does not apply.

## FIRST AMENDMENT VIOLATIONS BY RETALIATION FOR PROTECTED ACTIONS:

- The First Amendment is a "constitutional safeguard" that has been "fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people." <u>New York Times Co. v. Sullivan</u>, 376 U.S. 254, 269-70, 84 S.Ct. 710, 11 L.Ed 2d. 686 (1964).

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." <u>Farrow v. West</u>, 320 F.3d 1235, <u>1248</u>(11th Cir. 2003)

"The gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." <u>Thomas v. Evans</u>, 880 F.2d 1235, 1242 (11th Cir. 1989) <u>Harper v. Admin. Lieutenant</u>, 857 Fed.Appx. 551 (11th Cir. 2021).

## CRUEL AND UNUSUAL PUNISHMENT

As the Supreme Court clarified in <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 37, 130 S.Ct. 1175, 175 L.Ed. 2d. 995 (2010), a correctional officer's malicious and sadistic actions that both have no legitimate penological purpose and are unacceptable by contemporary standards of decency subject a prisoner to "cruel and unusual punishment," in violation of the <u>Eighth Amendment</u>.

- ## PERMISSABLE DISCOVERY REQUESTS AND COURT ASSISTANCE IN PRODUCTION OF RELEVANT ELECTRONIC COMMUNICATION RECORDS PURSUANT TO 18 U.S.C. § 2703:

1. Historical Cell Site Location Information ("Hist. CSLI") of Plaintiff's T-mobile device (772-282-3205) and Defendant M. Umanzor's MCSO issued cellular device WILL ESTABLISH EXACT LOCATION BY CELL SITE QUADRANT Ping data at the onset of the December 15, 2023 7:30-8:00 p.m. aggravated stalking of Plaintiff by Defendant(s) from his home to Walgreen's in Jensen Beach, and prove the Defendant M. Umanzor was not ahead of the Plaintiff parked off of Skyline Drive and Jensen Beach boulevard at an "auto body shop" as he falsely claimed in the MARTIN COUNTY CIRCUIT COURT ON FEBRUARY 15, 2024 during the traffic citation hearing.

2. Historical GPS precision coordinate (latitude and longitude degree) data of the MCSO Ford Explorer patrol vehicle assigned to Def. M. Umanzor will establish precise location on the date and time of the claims bringing rise to this complaint, and as a PUBLIC OFFICIAL AND PUBLIC VEHICLE such stored electronic records are not ordered retrieved and disclosed in violation of the Fourth Amendment or other privacy rights.

   • Historical CSLI used to reconstruct physical movements by court order. U.S. V. Lewis, 38 F. 4th 527 (7th Cir. 2022).

3. Reasonable grounds exist for an order for Defendant(s) Historical CSLI and GPS for the claims raised in this complaint as CLAIMS: CLAIM 1, CLAIM 3;

4. Florida DMV records for Florida license plate (partial plate) last three characters "C 19" to establish the Silver Ford F150 4X4 four door is registered to MCSO.

/S/: Jesse A Walker

Date: 02/16/2025

JESSE ALAN WALKER, Pro Se

page 4 of 4

Jesse Walker ID# 859969
MARTIN COUNTY JAIL
800 S.E. Monterey Road.
Stuart, Fl. 34994

INDIGENT
ACTIVE CASE

PITNEY BOWES
$0.97⁰
US POSTAGE mi
FIRST-CLASS
028W0002311084
2000450399
ZIP 34994
FEB 17 2025

ATTENTION
This Letter originated from the Martin County
Jail. Inmate mail is not censored. The Sheriff
cannot assume responsibility for its content.

CLERK, U.S. DISTRICT COURT
Southern District of Florida
400 North Miami Avenue Room 8N09
MIAMI, FL. 33128-7716

LEGAL MAIL

3312887718

REC'D BY _____ D.C.

FEB 24 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
D. OF FLA. - MIAMI